1  Dorothy L. Black (SBN 211260)
   JACKSON LEWIS P.C.
2  225 Broadway, Suite 2000
   San Diego, CA  92101
3  Telephone:  (619) 573-4900
   Facsimile:  (619) 573-4901
4  Dorothy.black@jacksonlewis.com

5  Attorney for Defendant
   SP PLUS CORPORATION

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEOLIS CARROLL, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>SP PLUS CORPORATION, a corporate entity from unknown; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No.:  **'22CV0738 BEN KSC**<br><br>(San Diego County Superior Court Case No.: 37-2022-00010948-CU-WT-CTL)<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1367 and 1441(b)**<br><br>**(DIVERSITY JURISDICTION)**<br><br>State Court Complaint filed: March 22, 2022 |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF VEOLIS CARROLL, AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant SP PLUS CORPORATION hereby invokes this Court's jurisdiction under 28 U.S. §§ 1332, 1367 and 1441(b) and removes the above-entitled action to this Court from the Superior Court of the State of California for the County of San Diego.

1

Case No.: _____
NOTICE OF REMOVAL OF ACTION

## BACKGROUND

1.     On March 22, 2022, Plaintiff VEOLIS CARROLL ("Carroll" or "Plaintiff") filed an unverified civil complaint against SP PLUS CORPORATION ("Defendant") in the Superior Court of the State of California for the County of San Diego entitled *"Veolis Carroll, Plaintiff v. SP Plus Corporation, a corporate entity form unknown; and Does 1-50, inclusive, Defendants,"* Case No. 37-2022-00010948-CU-WT-CTL, which sets for the following causes of action: (1) Discrimination in Violation of Gov. Code § 12940 *et seq.*; (2) Failure to Accommodate in Violation of Gov. Code § 12940(m); (3) Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n); (4) Age Discrimination in Violation of Gov. Code § 12940 *et seq.*; (5) Race/National Origin Discrimination in Violation of Gov. Code § 12940 *et seq.*; (6) Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k); (7) Retaliation in Violation of Gov. Code § 12940(h); (8) Wrongful Termination; (9) Meal and Rest Break Violations of Labor Code § 226.7; (10) Failure to Provide Employment Records in Violation of Cal. Labor Code § 1198.5 *et seq.*; (11) Failure to Pay All Compensation at Termination; Waiting Time Penalties; (12) Failure to Pay Overtime & Wages; and (13) Violation of Business & Professions Code § 17200 *et seq.*

2.     On April 22, 2022, Defendant was served with Plaintiff's Summons, Complaint, and related court documents. A true and correct copy of the Complaint, Summons, and all accompanying documents filed by Plaintiff are attached to the Declaration of Dorothy L. Black. ("Black Decl.") as **Exhibit "A."** (Black Decl., ¶ 2.) *See also* 28 U.S.C. § 1446(a).

3.     On May 20, 2022, Defendant filed and served its Answer to Plaintiff's Complaint in San Diego County Superior Court. A true and correct copy of Defendant's Answer is attached to the Black Decl. as **Exhibit "B**." (Black Decl., ¶ 4.) Exhibits A and B constitute all the pleadings that have been filed in this matter as of the date of filing of this Notice of Removal.

4.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the San Diego County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

5.     Venue of this action lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is the judicial district of this Court in which the action arose, and where the claims arose.

6.     Assignment to this division is proper because the Superior Court in San Diego, sits within the Southern Judicial District of California. 28 U.S.C. § 84(d) ("The Southern District comprises the counties of Imperial and San Diego. Court for the Southern District shall be held at San Diego.").

## DIVERSITY JURISDICTION

7.     "The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00…and is between…citizens of different states." 28 U.S.C. § 1332(a). Diversity jurisdiction exists when there is diversity of citizenship between the parties at the time the plaintiff files a lawsuit. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

8.     Here, at all times relevant hereto, Plaintiff was and is an individual residing in California. Declaration of Michael Forman filed concurrently herewith ("Forman Decl.") ¶ 6; *see also* Complaint ¶ 9; *Francisco v. Emeritus Corp.,* 2017 U.S. Dist. LEXIS 90131, 10 (C.D. Cal. June 12, 2017) ("Plaintiff's residence and employment in California are sufficient evidence of his intent to remain in California."); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, 22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Here, Plaintiff was employed by BAGS INC. from approximately April 14, 2016 to December 2, 2020. Forman Decl., ¶ 5.[1]

---

[1] Plaintiff's Complaint does not name his employer, BAGS INC., as a defendant in this action. Instead, Plaintiff improperly names SP PLUS CORPORATION as the defendant and Plaintiff's employer in this action. SP PLUS CORPORATION is the parent

Case No.: _____
NOTICE OF REMOVAL OF ACTION

9. A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (28 U.S.C. § 1332(c)(1).) The United States Supreme Court has specifically recognized a corporation's "principal place of business" is its "nerve center" or the state where high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010). In practice, a corporation's "nerve center" is generally its corporate headquarters, provided that this is the actual center of direction, control, and coordination and is not simply an office where board meetings are held. *Id.* at 1192. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id*.

10. SP PLUS CORPORATION, both at the time this action was commenced and the time it was removed to federal court, is either a citizen of the State of Delaware or Illinois within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Delaware, with its principal place of business and corporate headquarters located in Chicago, Illinois. The state of Illinois is where all of SP PLUS CORPORATION's primary executive, administrative, financial, and management functions are conducted and where the high-level officers direct, control, and coordinate the corporation's activities. *Hertz, supra,* 130 S.Ct. 1181. Forman Decl,. ¶ 2.

11. SP PLUS CORPORATION's Board of Directors typically meets at its headquarters in Chicago, Illinois. *Hertz*, *supra*, 130 S.Ct. 1181; Forman Decl., ¶ 3.

12. Applying the "nerve center" test, Illinois is clearly the state where SP PLUS CORPORATION's primary executive, administrative, financial and management

---

corporation of BAGS INC. Forman Decl., ¶ 4. BAGS INC. is a wholly owned subsidiary of SP PLUS CORPORATION. *Id.* Nevertheless, complete diversity exists because Plaintiff and Defendant SP PLUS CORPORATION, and Plaintiff's employer BAGS INC., are citizens of different states as explained in detail herein. Forman Decl., ¶¶ 2-6.

functions are conducted and where the high-level officers direct, control, and coordinate the corporation's activities (*i.e.*, the principal place of business of Defendant).

13. BAGS INC., both at the time this action was commenced and the time it was removed to federal court, is either a citizen of the State of Florida within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Florida, with its principal place of business and corporate headquarters located in Orlando, Florida. The state of Florida is where all of BAGS INC.'s primary executive, administrative, financial, and management functions are conducted and where the high-level officers direct, control, and coordinate the corporation's activities. *Hertz, supra,* 130 S.Ct. 1181. Forman Decl,. ¶ 4.

14. Applying the "nerve center" test, Florida is clearly the state where BAGS INC.'s primary executive, administrative, financial and management functions are conducted and where the high-level officers direct, control, and coordinate the corporation's activities (*i.e.*, the principal place of business of Plaintiff's employer).

15. The presence of Doe defendants has no bearing on diversity with respect to removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").

16. As a result, complete diversity exists because Plaintiff and Defendant SP PLUS CORPORATION, and Plaintiff's employer BAGS INC., are citizens of different states.

**AMOUNT IN CONTROVERSY**

17. Again, the "district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00…and is between…citizens of different states." (28 U.S.C. § 1332(a).)

18. Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy in this action for Plaintiff exceeds $75,000.00, exclusive of interest and costs, for the reasons discussed below.

19. When a plaintiff's state court complaint is silent as to the amount of damages claimed, a removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-61 (9th Cir. 1996).

20. In determining whether the amount in controversy exceeds $75,000.00, a court must presume a plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

21. A plaintiff is generally entitled to backpay in a wrongful termination cause of action. *Parker v. Twentieth Century Fox Film Corp.*, 3 Cal.3d 176, 181 (1970). This remedy is "the amount that plaintiff would have earned but for the employer's unlawful conduct." *Lowe v. California Resources Agency*, 1 Cal. App.4th 1140, 1144 (1991).

22. Both past and future loss of earnings are considered for purposes of calculating the amount of controversy, even though the amount of controversy is assessed at "the time of removal." *Chavez v. JPMorgan Chase & Co.* (9th Cir. 2018) 888 F.3d 413, 417. Here, Plaintiff alleges that he was terminated on December 2, 2020. (Complaint, ¶ 16, *see also* Forman Decl., ¶ 5.) Plaintiff's final wage with BAGS INC. was $13.00 per hour (approximately $13,520 per year as a part-time employee). (Forman Decl., ¶ 7.) Thus, Plaintiff's back pay, calculated from December 20, 2020 to the date of removal filed by Defendant on May 20, 2022, would total approximately $19,153. A conservative estimate of one year's front pay would total approximately $13,520. *Id.* Plaintiff himself values his claim for loss of earnings and employee benefits at no less than $300,000. (Complaint, Prayer for Relief.)

23. Plaintiff further claims an unspecified amount of compensatory damages for emotional distress. (*See* Complaint, ¶¶ 27, 42, 57, 74, 89, 99, 101, 108, and 119.) Plaintiffs who seek recovery for emotional distress damages in analogous employment

6

Case No.: _____
NOTICE OF REMOVAL OF ACTION

litigation frequently have been awarded emotional distress damages well in excess of $75,000. *See, e.g.,* Request for Judicial Notice, Exh. A: *Anderton v. Bass Underwriters, Inc.,* No. 34-2013-00149236-CU-WT-GDS (Cal. Superior Sep. 21, 2015) (awarding $812,000 in emotional distress damages to plaintiff in discrimination and wrongful termination claim).

24.   Plaintiff also prays for an unspecified amount of attorneys' fees. (Complaint, Prayer for Relief.) Attorneys' fees may be included in the amount in controversy. *Simmons v. PCR Technology,* 209 F. Supp.2d 1029, 1034 (N.D. Cal. 2002) citing *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fees accrue until the action is resolved for the purpose of the amount in controversy requirement. *Simmons,* 209 F. Supp.2d at 1034. The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. (*Id.* at 1035 (attorneys' fees in individual employment cases often exceed damages).) It is more likely than not that, if Plaintiff prevails (which he should not), the amount of attorney's fees alone in controversy will be well over $75,000.

25.   Finally, Plaintiff seeks punitive damages. (Complaint, Prayer for Relief and Plaintiff's Statement of Punitive Damages.) Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Ace. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994.) "Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," a plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. (*Id.* at 334.) Thus, although Defendants vigorously denies Plaintiff's allegations and his entitlement to any damages whatsoever, if Plaintiff were to prevail on his claims, the potential punitive damages award alone against Defendants is likely to exceed the $75,000 jurisdictional minimum.

26.   Accordingly, Defendant's potential liability with respect to Plaintiff far exceeds the $75,000.00 threshold for diversity jurisdiction.

///

## TIMELINESS OF REMOVAL

27.     This Notice of Removal is timely under 28 U.S.C. § 1446(b). Plaintiff personally served the Summons and Complaint on April 22, 2022, which was the date Defendant first received a paper from which it may first be ascertained that this case is one which may be removed to federal court. Because the thirty-day deadline set forth by 28 U.S.C. § 1446(b) falls on Sunday, May 22, the application of Federal Rule of Civil Procedure Rule 6 automatically extends Defendant's deadline to Monday, May 23. *See, e.g., Osgood v. Main Streat Mktg., LLC,* 2016 U.S.Dist.LEXIS 158074, at *6-7 (S.D.Cal. 2016) (applying Fed. R. Civ. P. Rule 6 to the removal deadline set by 28 U.S.C. § 1446(b)).

28.     Therefore, Defendant's Notice of Removal is timely.

WHEREFORE, Defendant SP PLUS CORPORATION removes the above-entitled action now in the Superior Court of the State of California for the County of San Diego to this Court.

DATED:  May 23, 2022                    JACKSON LEWIS P.C.

By: /s/ Dorothy L. Black
Dorothy L. Black
Attorney for Defendant
SP PLUS CORPORATION

4894-4605-6735, v. 2

8

Case No.: _____
NOTICE OF REMOVAL OF ACTION