# EXHIBIT A



**null / LABOR**
**Transmittal Number: 24821322**
**Date Processed: 04/25/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Brett Harvey<br>SP Plus Parking<br>200 E Randolph St<br>Ste 7700<br>Chicago, IL 60601-7702 |
| **Electronic copy provided to:** | Rob Stevens<br>Colleen Kozak<br>Mary Lacroix |

| | |
|---|---|
| **Entity:** | SP Plus Corporation<br>Entity ID Number  3402075 |
| **Entity Served:** | Sp Plus Corporation |
| **Title of Action:** | Veolis Carroll vs. Sp Plus Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 37-2022-00010948-CU-WT-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 04/22/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Smaili & Associates, P.C.<br>714-547-4700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SP PLUS CORPORATION, a corporate entity form unknown; and DOES 1-50, inclusive,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/22/2022** at 05:28:59 PM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 VEOLIS CARROLL, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Hall of Justice- San Deigo Superior Court<br>330 W Broadway<br>San Diego, CA 92101 | **CASE NUMBER:** *(Número del Caso):*<br>37-2022-00010948-CU-WT-CTL |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jihad M. Smaili (SBN: 262219); Smaili & Associates, PC; 600 West Santa Ana Blvd., Suite 202, Santa Ana, CA 92701; 714-547-4700

| DATE: 03/23/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | R Day<br>R. Day | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SP PLUS CORPORATION, a corporate entity form unknown
    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

**SUMMONS**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jihad M. Smaili, Esq. SBN:262219<br>600 West Santa Ana Blvd Suite 202<br>Santa Ana , Ca 92701 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 714-547-4700   FAX NO. *(Optional):* 714-547-4710<br>ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO<br>STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Hall of Justice | **03/22/2022** at 05:28:59 PM<br>Clerk of the Superior Court<br>By Richard Day, Deputy Clerk |

| CASE NAME:<br>VEOLIS CARROLL vs SP PLUS CORPORATION | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2022-00010948-CU-WT-CTL |
| | | JUDGE: Judge Richard S. Whitney<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* 13
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 3/22/2022

Jihad M. Smaili, Esq.
(TYPE OR PRINT NAME)

▶ /s/ Jihad M. Smaili
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

Jihad M. Smaili, Esq. [262219]
Stephen D. Counts, Esq. [231348]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
stephen@smaililaw.com

Attorneys for Plaintiff
VEOLIS CARROLL

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/22/2022** at 05:28:59 PM
Clerk of the Superior Court
By Richard Day,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| VEOLIS CARROLL, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SP PLUS CORPORATION, a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 37-2022-00010948-CU-WT-CTL<br>Assigned for all purposes to the<br><br>**COMPLAINT:**<br>1. Discrimination in Violation of Gov. Code §12940 *et seq.*<br>2. Failure to Accommodate in Violation of Gov. Code § 12940(m)<br>3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>4. Age Discrimination in Violation of Gov. Code §12940 *et seq.*<br>5. Race/National Origin Discrimination in Violation of Gov. Code §12940 *et seq.*<br>6. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>7. Retaliation in Violation of Gov. Code §12940(h)<br>8. Wrongful Termination<br>9. Meal and Rest Break Violations of Labor Code § 226.7<br>10. Failure to Provide Employment Records in Violation of Cal. Labor Code §1198.5 *et seq.*<br>11. Failure to Pay All Compensation at Termination; Waiting Time Penalties<br>12. Failure To Pay Overtime & Wages<br>13. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

COMPLAINT

1

Plaintiff Veolis Carroll (hereinafter "Plaintiff" and/or "Carroll") alleges as follows:

## THE PARTIES

1.     At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant SP Plus Corporation, (hereinafter "SP Plus"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of San Diego.  Plaintiff is further informed and believes and thereon alleges that SP Plus was transacting business in the County of San Diego, State of California, at the time claims of Plaintiff arose.  At all times relevant, SP Plus was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.     Each reference in this complaint to "Defendant" and/or "Defendants" refers to SP Plus, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this

Smaili & Associates, P.C.

1  Complaint.   Plaintiff is further informed and believes and thereon alleges that
2  Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices,
3  wrongs, complaints, injuries and/or damages alleged in this Complaint.   Likewise,
4  Defendants, and each of them are now and/or at all times mentioned in this Complaint
5  were the agents, servants and/or employees of some or all other Defendants, and vice-
6  versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all
7  times mentioned in this Complaint were acting within the course and scope of that
8  agency, servitude and/or employment.

9       6.   Plaintiff is informed and believes and thereon alleges that Defendants, and
10 each of them, are now and/or at all times mentioned in this Complaint were members of
11 and/or engaged in a joint venture, partnership and common enterprise, and were acting
12 within the course and scope of, and in pursuance of said joint venture, partnership and
13 common enterprise.

14      7.   Plaintiff is informed and believes and thereon alleges that Defendants, and
15 each of them, at all times mentioned in this Complaint, concurred and contributed to the
16 various acts and omissions of each and every one of the other Defendants in proximately
17 causing the complaints, injures and/or damages alleged in this Complaint.   Plaintiff is
18 further informed and believes and thereon alleges that Defendants, and each of them, at
19 all times mentioned in this Complaint, approved of condoned and/or otherwise ratified
20 each and every one of the acts and/or omissions alleged in this Complaint.   Likewise,
21 Defendants, and each of them, at all times mentioned in this Complaint aided and abetted
22 the acts and omissions of each and every one of the other Defendants thereby proximately
23 causing the damages alleged in this Complaint.

24      8.   Plaintiff is informed and believes and thereon alleges that at all actions
25 alleged herein committed by Defendants were committed by managing agents of
26 Defendants, or, such conduct was known by and/or ratified by managing agents of
27 Defendants.
28 ///

**VENUE AND JURISDICTION**

9.     Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of San Diego, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of San Diego, State of California.

**FACTUAL BACKGROUND**

10.     On or about November 2013, Defendant hired Plaintiff. His job duties included, but were not limited to, greet passengers, check their baggage, and get them to the gate. At 58 years of age, Plaintiff worked hard and earned an hourly wage of $13.

11.     Due to the repetitive and physical nature or his job duties, in or around December 2016, Plaintiff was injured while performing tasks within the course and scope of his employment with Defendant. He injured his shoulders due to always lifting luggage. These injuries and pain inf his shoulders limited a major life activity, such as working, constituting a disability under the Fair Employment and Housing Act. He immediately reported the incident to Defendant. Defendant failed to engage in a good faith interactive process and failed to provide an accommodation. He filed for workers' compensation.

12.     Additionally, in or around November 2020, Plaintiff was injured while performing tasks within the course and scope of his employment with Defendant due to the repetitive and physical nature or his job duties. He injured his lower back due to always lifting luggage. These injuries and pain in his back limited a major life activity, such as working, constituting a disability under the Fair Employment and Housing Act. He immediately reported the incident to Defendant. Defendant failed to engage in a good faith interactive process and failed to provide an accommodation. He filed for workers' compensation.

13.     Plaintiff endured a hostile work environment where he endured harassment and abuse at the hands of Defendant and its agents. Filipino employees were favored by Defendant over non-Filipinos, like Plaintiff. Despite Plaintiff having seniority, he was not

Smalli & Associates, P.C.

1   given overtime hours. The hours that should have gone to him went to Filipino

2   employees. Additionally, a Filipino oversaw scheduling and did not give Plaintiff the

3   hours he wanted on account of him not being Filipino.

4       14.    Additionally, he was wrongfully accused of misplacing a checked baggage

5   by Defendant. Defendant did not provide Plaintiff the paperwork associated with

6   misplace baggage, despite him specifically requesting it. He had perfect record prior to

7   this and had never been accused of any wrongdoing. He was accused of this, upon

8   information and belief, in retaliation against his filing a workers' compensation claim.

9       15.    Furthermore, Plaintiff has significant wage-and-hour claims. Due to the

10   excessive workload assigned by Defendant, Plaintiff was not provided time to take breaks

11   since the start of his employment and was not allowed to take a lunch from the beginning

12   of the COVID-19 pandemic. Thus, Defendant failed to provide Plaintiff with 30-minute

13   uninterrupted meal breaks for every five (5) hours he has worked and failed to provide

14   10-minute rest breaks for every four (4) hours worked. Plaintiff is allowed all maximum

15   waiting time penalties for his missing wages and missed rest and meal breaks as afforded

16   by California Law.

17       16.    On or about December 2, 2020, Plaintiff was terminated, upon information

18   and belief, in retaliation to his requesting medical treatment and accommodation, lodging

19   complaints about harassment and workplace conditions, and in discrimination against his

20   age, disability, race, and national origin. He was told that he was terminated because he

21   was not doing his job properly, but this makes no sense. Plaintiff had a perfect record and

22   only encountered problems after filing for workers' compensation.

23       17.    It is our position that Plaintiff suffered from harassment, discrimination,

24   retaliation, and ultimately termination on the basis of his disability, age, requesting

25   accommodation, and engagement in protected activity. Further, Defendant utterly failed

26   to provide workers' compensation paperwork, failed to engage in a good faith interactive

27   process, and failed to offer any reasonable accommodation.

28

COMPLAINT

18.     Before filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated August 2, 2021.

<u>**FIRST CAUSE OF ACTION**</u>

**DISCRIMINATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940** *et seq.*

**(Against All Defendants)**

19.     Plaintiff refers to all allegations contained in paragraphs 1-18, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

20.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

21.     Plaintiff has a disability as alleged above.

22.     Defendant was aware of Plaintiff's on-the-job injury and resulting disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

23.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

24.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

25.   Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

26.   As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars ($300,000).

27.   As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

28.   Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

29.   Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

30.   Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

31.   Plaintiff is informed and believes and thereon alleges that his disability was a motivating factor in the decision of Defendant to discriminate against him and

1   terminate him.

2        32.   The outrageous conduct of Defendant, and each of them, as alleged herein,
3   was done with oppression and malice by Defendant and its supervisors and managers,
4   along with conscious disregard of Plaintiff's rights, and were ratified by those other
5   individuals who were managing agents of Defendant.

6        33.   The conduct of Defendant as alleged hereinabove was done with malice,
7   fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.
8   As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

9        34.   Plaintiff also continues to incur attorneys' fees and legal expenses in an
10   amount according to proof at the time of trial which fees and expenses are recoverable
11   pursuant to *Gov't Code* §12900 *et seq.*

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940(m)

### (Against All Defendants)

16        35.   Plaintiff refers to all allegations contained in paragraphs 1-34, inclusive and
17   by such reference incorporates the same herein as though fully realleged in detail.

18        36.   Plaintiff has a disability as alleged above.

19        37.   Defendant was aware of Plaintiff's disability, as alleged above and herein.

20        38.   Defendant failed and refused to accommodate Plaintiff's needs, and, failed
21   and refused to engage in an interactive process with Plaintiff, and, failed to address
22   Plaintiff's needs in light of his disabilities.

23        39.   At all times herein alleged, Plaintiff was qualified for the position of
24   employment that he held with Defendant and was able to perform the essential functions
25   of that job if such reasonable accommodation had been made by Defendant.   At no time
26   would the performance of the functions of the employment position, with a reasonable
27   accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other
28   person's health or safety, nor would it have created an undue hardship to the operation of

Small & Associates, P.C.

COMPLAINT

8

1    Defendant's business.

2        40.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes

3    unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*

4    §12940.

5        41.    As a direct, foreseeable, and proximate result of Defendant's wrongful

6    conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

7    suffered the loss of wages, salary, benefits, the potential for advancement, and additional

8    amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

9    in an amount of at least three hundred thousand dollars ($300,000), all subject to proof at

10   the time of trial.

11       42.    As a direct, foreseeable, and proximate result of the wrongful conduct of

12   Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

13   distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an

14   amount subject to proof at trial.

15       43.    Plaintiff is informed and believes and thereon alleges that the above-alleged

16   actions of Defendant were the result and consequence of Defendant's failure to supervise,

17   control, direct, manage, and counsel those agents throughout Plaintiff's employment and

18   that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

19   enabled agents to believe that their conduct was appropriate.

20       44.    Defendant, and each of them, failed to offer counseling or comfort to

21   Plaintiff and sent the unmistakable message that such conduct is appropriate in the

22   workplace.

23       45.    Plaintiff is informed and believes and thereon alleges that Defendant has a

24   systemic and wide-spread policy of discriminating against and retaliating against

25   employees with disabilities.   By failing to stop the discrimination, harassment and

26   retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

27   directly caused a vicious cycle of wrongful conduct with impunity.

28       46.    Plaintiff is informed and believes and thereon alleges that Defendant's

COMPLAINT

9

1  desire to avoid accommodating Plaintiff was a motivating factor in the decision of

2  Defendant to discriminate against him and ultimately terminate him.

3      47.    The outrageous conduct of Defendant, and each of them, as alleged herein,

4  was done with oppression and malice by Defendant and its supervisors and managers,

5  along with conscious disregard of Plaintiff's rights, and were ratified by those other

6  individuals who were managing agents of Defendant.

7      48.    The conduct of Defendant as alleged hereinabove was done with malice,

8  fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.

9  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

10     49.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

11 amount according to proof at the time of trial which fees and expenses are recoverable

12 pursuant to *Gov't Code* §12900 *et seq.*

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN

### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

### (Against All Defendants)

17     50.    Plaintiff refers to all allegations contained in paragraphs 1-49, inclusive and

18 by such reference incorporates the same herein as though fully realleged in detail.

19     51.    Plaintiff has a disability as alleged above.

20     52.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

21     53.    Defendant failed and refused to engage Plaintiff in an interactive process

22 designed to unite Plaintiff with his job.

23     54.    At all times herein alleged, Plaintiff was qualified for the position of

24 employment that he held with Defendant and was able to perform the essential functions

25 of that job if such reasonable accommodation had been made by Defendant.   At no time

26 would the performance of the functions of the employment position, with a reasonable

27 accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

28 person's health or safety, nor would it have created an undue hardship to the operation of

Smith & Associates, P.C.

1   Defendant's business.

2      55.    Defendant's failure to engage with Plaintiff in an interactive process, as

3   alleged above, constitutes unlawful conduct in employment in violation of FEHA, and

4   particularly *Gov't Code* §12940.

5      56.    As a direct, foreseeable, and proximate result of Defendant's wrongful

6   conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

7   suffered the loss of wages, salary, benefits, the potential for advancement, and additional

8   amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

9   all in an amount no less than three hundred thousand dollars ($300,000), subject to proof

10  at the time of trial.

11     57.    As a direct, foreseeable, and proximate result of the wrongful conduct of

12  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

13  distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an

14  amount subject to proof at trial.

15     58.    Plaintiff is informed and believes and thereon alleges that the above-alleged

16  actions of Defendant were the result and consequence of Defendant's failure to supervise,

17  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

18  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

19  enabled agents to believe that their conduct was appropriate.

20     59.    Defendant, and each of them, failed to offer counseling or comfort to

21  Plaintiff and sent the unmistakable message that such conduct is appropriate in the

22  workplace.

23     60.    Plaintiff is informed and believes and thereon alleges that Defendant has a

24  systemic and wide-spread policy of discriminating against and retaliating against

25  employees with disabilities.   By failing to stop the discrimination, harassment and

26  retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

27  directly caused a vicious cycle of wrongful conduct with impunity.

28     61.    Plaintiff is informed and believes and thereon alleges that Defendant's

1    desire to avoid accommodating Plaintiff was a motivating factor in the decision of

2    Defendant to discriminate against him and ultimately terminate him.

3        62.    The outrageous conduct of Defendant, and each of them, as alleged herein,

4    was done with oppression and malice by Defendant and its supervisors and managers,

5    along with conscious disregard of Plaintiff's rights, and were ratified by those other

6    individuals who were managing agents of Defendant.

7        63.    The conduct of Defendant as alleged hereinabove was done with malice,

8    fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

9    As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

10       64.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

11   amount according to proof at the time of trial which fees and expenses are recoverable

12   pursuant to *Gov't Code* §12900 *et seq.*

### FOURTH CAUSE OF ACTION

### AGE DISCRIMINATION

### IN VIOLATION OF GOV. CODE § 12940 *et seq.*

#### (Against all Defendants)

17       65.    Plaintiff refers to all allegations contained in paragraphs 1-64, inclusive and

18   by such reference incorporates the same herein as though fully realleged in detail.

19       66.    At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in

20   full force and effect and were binding on Defendant.  These sections require Defendant to

21   refrain from discriminating against any employee over the age of 40 because of their age.

22       67.    At the time of Plaintiff's termination and at all times that Defendant was

23   discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40.

24   Plaintiff is informed and believes and thereon alleges that after years of wholly

25   satisfactory, competent and diligent performance to the profit of Defendants, that

26   Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to

27   terminate Plaintiff's employment. Said conduct by Defendants was intentional and

28   willful.

Small & Associates, P.C.

68.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

69.     Defendant was aware of Plaintiff's age, as herein alleged, because Plaintiff maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

70.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

71.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to discriminate against him, and in fact, discriminated against Plaintiff.

72.     Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

73.     As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

74.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

75.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

76.   Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

77.   Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

78.   The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

79.   Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 et seq.

## FIFTH CAUSE OF ACTION

### RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF GOV CODE §12940 *ET SEQ.*

### (Against all Defendants)

80.   Plaintiff refers to all allegations contained in paragraphs 1-79, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

81.   California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.   FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics

82. FEHA, codified at *Government Code* §12900 et seq., prohibits discrimination against persons based on race and/or national origin.

83. Plaintiff identifies as African-American.

84. Defendant was aware that Plaintiff identifies as African-American because Plaintiff specifically advised Defendant, and each of them, of the same.

85. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

86. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's race/national origin, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

87. Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's race/national origin, in violation of FEHA, and particularly *Gov't Code* §12940.

88. As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount believed to be three hundred thousand dollars, subject to proof at the time of trial.

89. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

90. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

1    enabled agents to believe that their conduct was appropriate.

2          91.    Defendants, and each of them, failed to offer counseling or comfort to

3    Plaintiff and sent the unmistakable message that such conduct is appropriate in the

4    workplace.

5          92.    Plaintiff is informed and believes and thereon alleges that Defendant has a

6    systemic and wide-spread policy of discriminating against and retaliating against

7    employees based on their race/national origin.  By failing to stop the discrimination,

8    harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct

9    which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

10         93.    Plaintiff is informed and believes and thereon alleges that his race/national

11   origin was a motivating factor in the decision of Defendant to discriminate against him

12   and/or terminate him.

13         94.    The outrageous conduct of Defendant, and each of them, as alleged herein,

14   was done with oppression and malice by Defendant and its supervisors and managers,

15   along with conscious disregard of Plaintiff's rights, and were ratified by those other

16   individuals who were managing agents of Defendant.

17         95.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

18   amount according to proof at the time of trial which fees and expenses are recoverable

19   pursuant to *Gov't Code* §12900 et seq.

20                            **SIXTH CAUSE OF ACTION**

21            **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION**

22             **OF CALIFORNIA GOVERNMENT CODE § 12940(k)**

23                          **(Against All Defendants)**

24         96.    Plaintiff refers to all allegations contained in paragraphs 1-95, inclusive and

25   by such reference incorporates the same herein as though fully realleged in detail.

26         97.    During the course of employment, Defendant, and each of them, failed to

27   prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis

28   of his disability, age, and engagement in protected activity in violation of *Government*

Smalli & Associates, P.C.

1    *Code* §12940(k).

2        98.    As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,

3    and continues to suffer, substantial losses in earnings and other benefits in an amount

4    according to proof at the time trial, including special and general damages.

5        99.    As a direct, foreseeable, and proximate result of the wrongful conduct of

6    Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,

7    humiliation, substantial losses in salary, bonuses, job benefits, and other employment

8    benefits which he would have received all to his damage in a sum within the jurisdiction

9    of the Court to be ascertained according to proof.

10        100.    Plaintiff is informed and believes and thereon alleges that the outrageous

11    conduct of Defendant, and each of them, as alleged herein, was done with oppression and

12    malice by Plaintiff's supervisors and managers, along with conscious disregard of

13    Plaintiff's rights, and were ratified by those other individuals who were managing agents

14    of Defendant.

15        101.    As a proximate result of the wrongful conduct of Defendant, and each of

16    them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

17    mental and physical pain and anguish according to proof at the time of trial.

18        102.    These unlawful acts were further encouraged by Defendant and done with a

19    conscious disregard for Plaintiff's rights and with the intent, design, and purpose of

20    injuring Plaintiff.    The conduct of Defendant alleged hereinabove was done with malice,

21    fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

22    As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

23        103.    Plaintiff has also incurred and continues to incur attorneys' fees and legal

24    expenses in an amount according to proof at the time of trial.

25    ///

26    ///

27    ///

28    ///

## SEVENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE §12940(h)

#### (Against All Defendants)

104.   Plaintiff refers to all allegations contained in paragraphs 1-103, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

105.   At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

106.   Plaintiff is informed and believes and thereon alleges that as a consequence of requesting disability accommodations and medical treatment, lodging complaints about harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability, age, and race/national origin, Defendant took retaliatory action against Plaintiff by failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

107.   Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity including requesting disability accommodations, medical treatment, and lodging workplace complaints related to harassment and discrimination that he was facing, and other complaints of a hostile and unsafe working environment.

108.   As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff's earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

109.   These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination

Small & Associates, P.C.

1  against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of
2  punitive and exemplary damages in an amount according to proof.

3       110.   Plaintiff has incurred and continues to incur legal expenses and attorney
4  fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and
5  prays leave of court to amend this Complaint when said amounts are more fully known.

6                          **EIGHTH CAUSE OF ACTION**
7                          **WRONGFUL TERMINATION**
8                          **(Against All Defendants)**

9       111.   Plaintiff refers to all allegations contained in paragraphs 1-110, inclusive
10 and by such reference incorporates the same herein as though fully realleged in detail.

11      112.   Defendant was aware of Plaintiff's age, race/national origin, and that he
12 suffered from a disability.  Further, Defendant was aware of Plaintiff's complaints about
13 his workplace environment.

14      113.   *Labor Code* §232.5 makes it illegal for an employer to prohibit an
15 employee from discussing their working conditions.

16      114.   *Labor Code* §6310 protects an employee's right to complain of unsafe
17 working conditions.

18      115.   *Labor Code* §6400 requires employers to provide a work environment that
19 is safe for its employees.

20      116.   *Gov't Code* §12940 et seq., prohibits forms of discrimination against
21 protected classes of employees.

22      117.   Defendant wrongfully terminated Plaintiff in violation of a substantial and
23 fundamental public policy in that a determining and motivating factor in Defendants'
24 decision to terminate Plaintiff was the desire to discriminate against him because: (i) he
25 suffered from a disability, (ii) he is over the age of 40, (iii) he is African-American; and
26 (iv) he lodged complaints about his working environment.

27      118.   Plaintiff is informed and believes and thereon alleges that these factors
28 made up Defendants decision to terminate Plaintiff and/or played an important and

Smaili & Associates, P.C.

1  integral role in said decision.  Such discrimination was in violation of the public policy of

2  the State of California and resulted in damage and injury to Plaintiff as alleged herein.

3     119.   As a proximate result of Defendants' willful, knowing, and intentional

4  discrimination and retaliation against Plaintiff, he has sustained and continues to sustain

5  substantial losses in Plaintiff earnings and other employment benefits and continues to

6  suffer humiliation, emotional distress, and mental and physical pain an and and anguish, and

7  loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

8     120.   In light of Defendants' willful, knowing, and intentional discrimination

9  against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of

10  punitive and exemplary damages in an amount according to proof.

**NINTH CAUSE OF ACTION**

**MEAL AND REST BREAK VIOLATIONS OF LABOR CODE §226.7**

**(Against All Defendants)**

14     121.   Plaintiff refers to all allegations contained in paragraphs 1-120, inclusive,

15  and by such reference incorporates the same herein as though fully realleged in detail.

16     122.   *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall

17  require any employee to work during any meal or rest period mandated by an applicable

18  order of the Industrial Welfare Commission."

19     123.   *Labor Code* §512 provides in pertinent part that, "An employer may not

20  employ an employee for a work period of more than five hours per work day without

21  providing the employee with a meal period of not less than 30 minutes, except that if the

22  total work period per day of the employee is no more than six hours, the meal period may

23  be waived by mutual consent of both the employer and employee."

24     124.   *Labor Code* §512 further provides in pertinent part that, "An employer may

25  not employ an employee for a work period of more than 10 hours per day without

26  providing the employee with a second meal period of not less than 30 minutes, except

27  that if the total hours worked is no more than 12 hours, the second meal period may be

28  waived by mutual consent of the employer and the employee only if the first meal period

Small & Associates, P.C.

1   was not waived."

2   125.   *Labor Code* §516 provides that the industrial Welfare Commission may

3   adopt or amend working condition orders with respect to meal periods for any workers in

4   California consistent with the health and welfare of those workers.

5   126.   Section 11(A) of the IWC Wage Order(s) provides that "Unless the

6   employee is relieved of all duty during a 30-minute meal period, the meal period shall be

7   considered an "on duty" meal period and counted as time worked. An "on duty" meal

8   period shall be permitted only when the nature of the work prevents an employee from

9   being relieved of all duty and when by written agreement between the parties an on-the-

10  job paid meal period is agreed to.  The written agreement shall state that the employee

11  may, in writing, revoke the agreement at any time."

12  127.   Section 11(B) of the IWC Wage Order(s) provides that "If an employer

13  fails to provide an employee a meal period in accordance with the applicable provisions

14  of this order, the employer shall pay the employee one (1) hour of pay at the employee's

15  regular rate of compensation for each workday that the meal period is not provided."

16  128.   Likewise, the IWC Wage Order(s) and provisions of the Labor Code

17  require that an employer relieve an employee of duty for a 10-minute break for every four

18  hours worked.

19  129.   While employed by Defendants, and at all times relevant herein, Plaintiff

20  consistently worked over five (5) hours per shift and therefore was entitled to an

21  uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5)

22  hours of employment, and, at least one rest break for every four hours worked.

23  130.   At all times relevant herein, Plaintiff did not waive his meal periods and/or

24  rest breaks, by mutual consent with Defendants or otherwise.

25  131.   At all times relevant herein, Plaintiff did not enter into any written

26  agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

27  132.   Defendants failed to comply with the rest and meal period requirements

28  established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11

Smull & Associates, P.C.

COMPLAINT

21

1    of the IWC Wage Order(s).

2    133.    Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code*

3    §226.7(b), which states in pertinent part that "if an employer fails to provide an employee

4    a meal or rest period in accordance with an applicable order of the industrial Welfare

5    Commission, the employer shall pay the employee one additional hour of pay at the

6    employee's regular rate of compensation for each work day that the meal or rest period is

7    not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional

8    hour of pay at Plaintiff's regular rate of compensation for each work day that the meal

9    period was not provided.

10    134.    Pursuant to *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment

11    interest on all amounts recovered herein.

**TENTH CAUSE OF ACTION**

**FAILURE TO PROVIDE EMPLOYMENT RECORDS**

**IN VIOLATION OF CAL. LABOR CODE §1198.5 et seq.**

**(Against All Defendants)**

16    135.    Plaintiff refers to all allegations contained in paragraphs 1-134, inclusive

17    and by such reference incorporates the same herein as though fully realleged in detail.

18    136.    California Labor Code §1174, subdivision (c), requires employers doing

19    business in the State of California to maintain payroll records and to keep these records in

20    a central location in the State of California.

21    137.    California Labor Code §226, subdivisions (b) and (c), require employers

22    doing business in the State of California to provide current and former employees access

23    to their payroll records.

24    138.    California Labor Code §432, subdivision (b), requires employers doing

25    business in the State of California to provide current and former employees copies of all

26    written instruments they sign upon request.

27    139.    California Labor Code §1198.5 et seq., provides current and former

28    employees the right to inspect their employee personnel records that the employer

Smalli & Associates, P.C.

1  maintains relating to the employee's performance or to any grievance concerning the

2  employee.

3      140.   Plaintiff, via counsel, requested Defendants to provide Plaintiff with his

4  employee personnel file and payroll records, and Defendants did not provide Plaintiff

5  with inspection rights or complete copies of such records, in violation of the above-

6  described statutes.

7      141.   As a result of Defendants' statutory violations alleged in this Complaint,

8  Plaintiff suffered damages, in an amount to be determined according to proof at trial,

9  costs, and attorney's fees.

10      142.   By reason of the foregoing, Plaintiff has been left without an adequate

11  remedy at law, and should be entitled to appropriate injunctive relief from this Court,

12  including, but not limited to, an order by the Court requiring Defendants to turn over

13  copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide

14  Plaintiff access to these records as required by law.

15      143.   Plaintiff is entitled to costs and attorney's fees as provided by applicable

16  law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and

17  (h), and § 1198.5 subdivision (l).

18      144.   Plaintiff is entitled to penalties as provided by applicable law, including,

19  but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5

20  subdivision (k).

21  **ELEVENTH CAUSE OF ACTION**

22  **FAILURE TO PAY ALL COMPENSATION AT TERMINATION;**

23  **WAITING TIME PENALTIES**

24  **(Against all Defendants)**

25      145.   Plaintiff refers to all allegations contained in paragraphs 1-144, inclusive,

26  and by such reference incorporates the same herein as though fully realleged in detail.

27      146.   Defendants failed to pay Plaintiff all wages for all hours worked at the time

28  of Plaintiff's termination.

147.    Defendant's failure to pay wages in a timely fashion at the time of termination constitutes a violation of California *Labor Code* §202 and §204, which require that all wages be paid in timely fashion.  Each failure to make a timely payment of compensation to Plaintiff constitutes a separate violation of California *Labor Code* §204.

148.    Plaintiff has been damaged by these violations of California *Labor Code* §§ 202 and 204 (and the relevant orders of the Industrial Welfare Commission).

149.    Consequently, pursuant to California Labor Code §§202, 204, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Plaintiff for the full amount of all unpaid wages, sick pay and vacation pay, with interest, plus reasonable attorneys' fees and costs.

150.    Further, Defendants failed to pay Plaintiff sums certain at the time of Plaintiff termination or within seventy-two (72) hours of resignation.

151.    Defendants' failure to pay all compensation at the time of termination, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles Plaintiff to penalties under *Labor Code* §203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.  Plaintiff may also recover reasonable attorneys' fees.

## TWELFTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME AND WAGES

#### (Against All Defendants)

152.    Plaintiff refers to all allegations contained in paragraphs 1-151, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

153.    Defendants failed to pay Plaintiff wages for all hours worked, including, without limitation, overtime wages.

154.    From at least four (4) years prior to the filing of this action and continuing to the present, Defendants failed to pay Plaintiff wages for all hours worked, at least in part because Defendants misclassified Plaintiff and required Plaintiff to work overtime

1    but did not compensate his for this time.

2    155.   Defendants failure to pay wages and overtime in a timely fashion also
3    constituted a violation of California Labor Code §204, which requires that all wages be
4    paid in semimonthly payments. Each failure to make a timely payment of compensation
5    to Plaintiff constitutes a separate violation of California Labor Code §204.

6    156.   Plaintiff has been damaged by these violations of California Labor Code §§
7    204 and 510 and 1194 (and the relevant orders of the Industrial Welfare Commission).

8    157.   Consequently, pursuant to California Labor Code §§204, 510, and 1194
9    (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to
10   Plaintiff for the full amount of all his unpaid wages and overtime compensation, with
11   interest, plus his reasonable attorneys' fees and costs.

## THIRTEENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

### (Against All Defendants)

15   158.   Plaintiff refers to all allegations contained in paragraphs 1-157 inclusive,
16   and by such reference incorporates the same herein as though fully realleged in detail.

17   159.   Defendant, and each of them, have engaged in unfair and unlawful
18   business practices as set forth above.

19   160.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair
20   business practices.

21   161.   By engaging in the above-described acts and practices, Defendant, and each
22   of them, have committed one or more acts of unfair, unlawful or fraudulent competition
23   within the meaning of Business & Professions Code §17200 *et seq.*

24   162.   Defendant, and each of them, have violated statutes and public policies.
25   Through the conduct alleged in this Complaint, Defendant, and each of them, have acted
26   contrary to public policies and have engaged in other unlawful and unfair business
27   practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff
28   and all interested persons of rights, benefits, and privileges guaranteed to all employees

Smaili & Associates, P.C.

1    under law.

2          163.    As a direct and proximate result of the aforementioned acts and practices,

3    Plaintiff has suffered a loss of money and property in the form of wages and benefits that

4    he would have received as an employee of Defendant, and each of them.

5          164.    Plaintiff seeks an order of this Court awarding restitution, injunctive relief

6    and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus

7    interest and costs.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Smaili & Associates, P.C.

COMPLAINT

26

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars ($300,000);

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief that the Court may deem just and proper.

Dated: March 22, 2022                    **SMAILI & ASSOCIATES, P.C.**

By:  /s/ *Jihad M. Smaili*
                                        Jihad M. Smaili, Esq.
                                        Stephen D. Counts, Esq.
                                        Attorneys for Plaintiff

Smaili & Associates, P.C.

COMPLAINT

27

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a trial by jury.

Dated: March 22, 2022                    **SMAILI & ASSOCIATES, P.C.**


By:   _/s/ Jihad M. Smaili_
        Jihad M. Smaili, Esq.
        Stephen D. Counts, Esq.
        Attorneys for Plaintiff

COMPLAINT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

| PLAINTIFF(S) / PETITIONER(S): | Veolis Carroll |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | SP Plus Corporation |
|---|---|

| CARROLL VS SP PLUS CORPORATION [IMAGED] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00010948-CU-WT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Richard S. Whitney                                    Department: C-68

## COMPLAINT/PETITION FILED: 03/22/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/16/2022 | 09:30 am | C-68 | Richard S. Whitney |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

---

**NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00010948-CU-WT-CTL        CASE TITLE: Carroll vs SP Plus Corporation [IMAGED]

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Veolis Carroll |
|---|
| DEFENDANT(S): SP Plus Corporation |
| SHORT TITLE: CARROLL VS SP PLUS CORPORATION [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2022-00010948-CU-WT-CTL |
|---|---|

Judge: Richard S. Whitney                                    Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)

- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

- ☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                          Date: _____

_____                          _____
Name of Plaintiff                                Name of Defendant

_____                          _____
Signature                                        Signature

_____                          _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                          _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  03/23/2022                               _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| VEOLIS CARROLL, an individual; <br><br> Plaintiff, <br><br> v. <br><br> SP PLUS CORPORATION, a corporate entity form unknown; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 37-2022-00010948-CU-WT-CTL <br><br> **PLAINTIFF'S STATEMENT OF PUNITIVE DAMAGES** <br> **[CCP §425.115]** |

**NOTICE TO:  SP PLUS CORPORATION, a corporate entity form unknown; and DOES 1—50**

Plaintiff Veolis Carroll  reserves the right to seek $100,000.00 in punitive damages against each of you when she seeks a judgment in the above captioned lawsuit filed against you.

Dated: April 21, 2022             **SMAILI & ASSOCIATES,  P.C.**

By: *Jihad M. Smaili*

Jihad M. Smaili, Esq.
Attorneys for Plaintiff

STATEMENT OF PUNITIVE DAMAGES

1